**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| PHARMACEUTICAL SALES<br>CONSULTING CORP., | CIVIL ACTION NO. 95-5961 (MLC) |
| Plaintiff, |  |
| v. | **MEMORANDUM OPINION** |
| ACCUCORP PACKAGING, INC., |  |
| Defendant, |  |
| and |  |
| J.W.S. DELAVAU CO., INC., |  |
| Defendant/Third-party<br>Plaintiff, |  |
| v. |  |
| JOHN S. SADLON, et al., |  |
| Third-party Defendants. |  |

**COOPER, District Judge**

This is an action, <u>inter alia</u>, to recover damages for breach of contract.  The Court, in effect, entered judgment, <u>inter alia</u>, in favor of the defendants on the complaint.  The plaintiff, Pharmaceutical Sales Consulting Corporation ("PSCC"), moves under Federal Rule of Civil Procedure ("Rule") 59 for "the amendment . . . of [the Court's] findings and conclusions, and the statement of new, corrected, and reconsidered findings and conclusions rejecting the [commercial bribery] defense . . . and entering

judgment for PSCC." (Pl. Br., at 1-2.) The Court will deny the motion.[1]

## BACKGROUND

The parties are familiar with the background of this action. (See 5-13-99 Mem. Op. & Ord. (reported at 59 F.Supp.2d 398); 7-9-99 Mem. Op. & Ord. (reported at 59 F.Supp.2d 408); 7-21-00 Mem. Op. & Ord. (reported at 106 F.Supp.2d 761); 9-27-04 Mem. Op. & Ord.) The Court has held, inter alia, (1) a contract between PSCC and the defendant J.W.S. Delavau Co., Inc., was voidable because it was founded on commercial bribery, and thus PSCC was not entitled to relief on the complaint, and (2) no party was entitled to attorneys' fees.

## MOTION UNDER RULE 59

A motion for relief under Rule 59 is akin to a motion for reconsideration. See Johnson v. Diamond State Port Corp., No. 01-4031, 2002 WL 31429864, at *6 (3d Cir. Oct. 30, 2002) (describing both); Frain v. Great Falls Bank, No. 01-4405, 2001 WL 1750772, at *1 (D.N.J. Dec. 7, 2001) (stating reconsideration available under Rule 59 or Local Civil Rule 7.1(g)). The motion is "an extremely limited procedural vehicle," Tehan v. Disab. Mgmt. Servs., 111

---

[1] The Court, in the original order and judgment, incorrectly dismissed the complaint, counterclaims, and third-party complaint. The Court should have entered a judgment of no cause of action in the defendants' favor on the complaint, in PSCC's favor on the counterclaims, and in the third-party defendants' favor on the third-party complaint. See Fanelli v. Centenary Coll., No. 03-4039, 2004 WL 2364894, at *2 n.2 (3d Cir. Oct. 21, 2004).

2

F.Supp.2d 542, 549 (D.N.J. 2000), and granted "very sparingly." Yurecko v. Port Auth. Trans-Hudson Corp., 279 F.Supp.2d 606, 608 (D.N.J. 2003). Its purpose is to correct manifest errors of law or present newly discovered evidence, Arista Recs. v. Flea World, 356 F.Supp.2d 411, 415 (D.N.J. 2005), or advise of "an intervening change in the law." P. Schoenfeld Asset Mgmt. v. Cendant Corp., 161 F.Supp.2d 349, 352 (D.N.J. 2001). But the motion is not to be used to relitigate old issues, advance new theories, or secure a rehearing on the merits. Gutierrez v. Ashcroft, 289 F.Supp.2d 555, 561 (D.N.J. 2003).

A successful movant will show "(1) an intervening change in the law has occurred, (2) new evidence not previously available has emerged, or (3) the need to correct a clear error of law or prevent a manifest injustice arises." Id. Furthermore, a movant "must show more than a disagreement with the Court's decision. [R]ecapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the mov[ant]'s burden." Schoenfeld, 161 F.Supp.2d at 352. Furthermore, "[a]bsent unusual circumstances, a court should reject new evidence which was not presented when the court made the contested decision." Yurecko, 279 F.Supp.2d at 609.

### DISCUSSION

PSCC argues (1) the Court failed to construe the New Jersey Commercial Bribery Statute ("NJCBS") narrowly; (2) the Court

relied on "diminished" — and disregarded applicable — case law; (3) Richard DiBenedetto did not play as central of a role as the Court ascribed to him; and, (4) the contract is still enforceable. These arguments are without merit.

### I. Commercial Bribery Statute

The plaintiff asserts the Court should construe the NJCBS's definition of "benefit" to include only direct — and not indirect — benefits. (Pl. Br., at 20-22.) The Court has already found that the NJCBS (1) should be read in conjunction with N.J.S.A. § 2C:21-8.1, and (2) as amended, "was not intended to alter the circumstances under which a person would be found liable under the statute but rather was clearly intended to equate the penalties for offering and accepting a bribe." 106 F.Supp.2d at 766. This issue has been presented and considered previously; the Court will not reevaluate it. See Tehan, 111 F.Supp.2d at 549 (stating movant must show dispositive factual matters or controlling decisions of law were presented but not considered).

### II. McConnell and Jaclyn

PSCC argues the Court's reliance on McConnell v. Commonwealth Pictures Corp., 7 N.Y.2d 465 (N.Y. 1960), was misplaced because: (1) its weight has diminished; and, (2) the Court should have looked to "the sage analysis of [New Jersey's] commercial bribery law in Jaclyn[, Inc. v. Edison Brothers Stores, 406 A.2d 474 (N.J. Super. Ct. 1979)]," or of other "sister state[s]." (Pl. Br., at 28, 39, 41.)

### A.    McConnell

PSCC refers to McConnell's dissent and 1960 decision date in an effort to lessen its authority, and attempts to distinguish McConnell.  (Pl. Br., at 27-28.)   But McConnell's persuasive value has not been "eroded or ignored over the years." (Id. at 31, n.7.)   The New Jersey and New York courts continue to rely on its principles.  See Jaclyn, 406 A.2d at 484-85; Prote Contr. Co. v. Bd. of Ed., 657 N.Y.S.2d 158, 163-64 (N.Y. App. Div., 1st Dept., 1997).

McConnell's age and dissent, furthermore, are irrelevant, as its reasoning remains instructive.  McConnell stands for the sound principles that "[n]o one shall be permitted . . . to take advantage of his own wrong," and "no court should be required to serve as paymaster of the wages of crime."  7 N.Y.2d at 469 (cites and quotes omitted).

### B.    Jaclyn

PSCC argues that controlling New Jersey law under Jaclyn is "quite different" from the Court's conclusions, and that the Jaclyn court rejected a commercial bribery defense because the defendant therein did not suffer pecuniary harm.  (Pl. Br., at 29-30.)  Jaclyn, on the contrary, establishes there is no requirement to show actual harm, as the wrongfulness of commercial bribery lies in "the invasion of the principal's right to undivided loyalty from [an] agent which results from secret

payments to the agent." 406 A.2d at 485. See Franklin Med. Assocs. v. Newark Pub. Sch., 828 A.2d 966, 975 (N.J. App. Div. 2003) (stating quantification of actual harm not required because bribe amount paid to agent demonstrates damages).

The Jaclyn court rejected the defense therein because the bribe was not a secret; the defendant knew of the scheme and thus was not misled. 406 A.2d at 486. Here, the defendants did not learn of the scheme until three years into the litigation. (9-27-04 Mem. Op., at 18.) Consequently, Jaclyn neither was "given short shrift," nor was "its analysis of New Jersey's own statute gravely overlooked." (Pl. Br., at 30.) The holdings differ between this case and Jaclyn because of the different facts.

**III. Richard DiBenedetto's Role**

PSCC argues there is insufficient evidence to show that DiBenedetto played a central role at Lederle Laboratories ("LLS"). (Pl. Br., at 33.) But the Court has already addressed the facts here and, inter alia, credited the testimony of LLS employees Alan Verduin and Connie Losito on this point. (9-27-04 Mem. Op., at 10-11.) The Court declines to reconsider this finding.

**IV.  Enforcement of Contract**

PSCC asserts that even if "an act of commercial bribery occurred here, PSCC is still entitled to a judgment for the commission amounts owed" under the contract. (Pl. Br., at 40.)

This argument is contrary to the public interest, and merely attempts to reargue issues previously addressed.  (See 9-27-04 Mem. Op., at 22-24.)

**V.    Other Cognizable Arguments**

The Court has considered all other arguments raised by PSCC.  They are without merit.

## CONCLUSION

The Court is not persuaded by PSCC's arguments in support of its motion for relief under Rule 59.  The motion will be denied.  The Court will issue an appropriate order and judgment.

                                                    s/ Mary L. Cooper
                                        **MARY L. COOPER**
                                        United States District Judge